**158 So. 362**

**STATE v. BAYNHAM.**

**No. 33001.**

Nov. 26, 1934.

Rehearing Denied Jan. 7, 1935.

Joseph S. Guerriero, of Monroe, for appellant.

G. L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., Frank W. Hawthorne, Dist. Atty., of Bastrop, and George W. Lester, Asst. Dist. Atty., of Monroe (Lessley P. Gardiner, Sp. Asst. to Atty. Gen., of counsel), for the State.

HIGGINS, Justice.

The appellant was charged in a bill of information with burglary of a grocery store in the nighttime. The jury found him guilty.

Appellant filed a motion for a new trial on the ground "that the verdict and judgment herein rendered is contrary to law and evidence." The trial court overruled the motion, and appellant reserved a bill of exception. Appellant then filed another motion for a new trial, on the ground that Mike Adams and Garland Kennedy, codefendants, who pleaded guilty to the same charges and were sentenced to one year in the penitentiary, testified against Charlie Nash, another codefendant, but the jury acquitted him, and that therefore the verdict of the jury in appellant's case is shown to have been contrary to the law and evidence and he is entitled to a new trial. The trial court denied the motion, and appellant reserved a second bill of exception. The district judge imposed a sentence of eighteen months in the state penitentiary at hard labor, and appellant appealed.

In the case of State v. Laracca, 174 La. page 700, 141 So. page 381, this court said:

"The rule is too well settled in this state to need citation of authorities to the effect that an appeal to this court solely upon the ground that the verdict of a jury is contrary to the law and the evidence presents nothing for review." State v. McKee, 170 La. 630, 128 So. 658; State v. Robertson, 133 La. 806, 63 So. 363; State v. Lewis, 175 La. 696, 144 So. 423.

Aside from the settled jurisprudence to this effect, article 516 of the Code of Criminal Procedure provides that:

"Neither the appellate nor supervisory jurisdiction of the Supreme Court can be invoked to review the granting or the refusal to grant a new trial *except for error of law.*" (Italics ours.)

For the reasons assigned, the verdict and sentence appealed from are affirmed.